**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

EARL C. MEGGISON, SR.,

      Plaintiff,

v.                                                        Case No. 6:13-cv-794-Orl-37TBS

GERALD BAILEY,

      Defendant.

## ORDER

This cause is before the Court on the following:

1. Complaint for Violation of 42 U.S.C. § 1983, the Civil Rights Act of 1871; Declaratory and Prospective Injunctive Relief Sought; Costs Ancillary to Such Prospective Injunctive Relief; and Supplemental Relief (Doc. 1), filed May 20, 2013;

2. Defendant's Dispositive Motion to Dismiss (Doc. 16), filed August 14, 2013; and

3. Plaintiff's Response and Memorandum of Legal Authority in Opposition to the Motion to Dismiss (Doc. 17), filed August 28, 2013.

Upon consideration, the Court finds that Defendant's motion is due to be granted.

## BACKGROUND

In 1990, after a series of mistrials, Plaintiff pled guilty to molesting his stepdaughter. (Doc. 1, p. 10.) In 1997, Florida passed its sex-offender registration law. (*Id.* at 11.) In 2005, Plaintiff was notified that he would have to register as a sex offender under the law. (*Id.* at 12.) Plaintiff signed the notice "under protest." (Doc. 16-1, p. 15.)

Plaintiff then filed a petition for a writ of mandamus in state court, seeking to have all of his provided information removed from the sex-offender database and to prohibit law enforcement from requiring further reporting and registration information from him. (Doc. 18, pp. 1–6.) That case was stayed. (*Id.* at 18.) He later filed a separate action in state court, claiming that the retroactive application of the law to him violated his rights to be free of ex post facto laws and to substantive due process under the Florida Constitution. (Doc. 16-1, pp. 1–14.) That action was ultimately dismissed in October 2008 (Doc. 16-2), and the mandamus petition was consequently dismissed in May 2009 (Doc. 18, p. 71). The dismissal of the due process action was affirmed on appeal in July 2009. (*Id.* at 77.)

Plaintiff eventually filed this suit in May 2013, alleging that the registration requirement violates his substantive due process rights under the U.S. Constitution. (Doc. 1.) Defendant moves to dismiss this action on statute of limitations and res judicata grounds. (Doc. 16.) Plaintiff opposes. (Doc. 17.) This matter is now ripe for the Court's adjudication.

## STANDARDS

"[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citation and internal quotation marks omitted). "Florida's four-year statute of limitations applies to . . . claims of deprivation of rights under 42 U.S.C. §[] 1983 . . . ." *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). The statute of limitations begins to run on a § 1983 claim when "the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." *Id.*

2

The continuing-violation doctrine is an exception to the statute of limitations, in which the inquiry is "whether the plaintiffs complain of the present consequence of a one time violation, which does not extend the limitations period, [or] the continuation of that violation into the present, which does." *Knight v. Columbus, Ga.*, 19 F.3d 579, 580–81 (11th Cir. 1994) (citation and internal quotation marks omitted) (alteration in original).

## DISCUSSION

Defendant argues that the statute of limitations on this action began to run in September 2005, when Plaintiff was notified that he was required to register as a sex offender. (Doc. 16, p. 6.) Plaintiff does not dispute that he learned of this requirement in 2005—it is admitted in the Complaint. (*See* Doc. 1, p. 12.) Rather, Plaintiff contends that the limitations period should not begin to run until either May 2009, when the stay on his mandamus petition was lifted, or July 2009, when the dismissal of his state court due process action was affirmed on appeal. (Doc. 17, pp. 8–9.) Plaintiff alternatively submits that the registration requirements constitute a continuing violation, excepting this case from the statute of limitations. (*Id.* at 9–10.) The Court agrees with Defendant that this action is untimely.

Plaintiff claims that his substantive due process rights were violated when he was classified as a sex offender and required to register. (Doc. 1, p. 21.) He learned of that requirement in 2005. (*Id.* at 12.) Therefore, by the Court's calculations, the cause of action accrued in 2005 and the four-year limitations period ran in 2009.[1] *See, e.g.*,

---

[1] Plaintiff solely argues that the limitations period should have begun later; therefore, the Court will only consider the timeliness of the action, not any potential grounds for the "extraordinary remedy of equitably tolling the limitations period" once it had already begun. *Moore v. Lappin*, No. 3:08cv344/MCR/EMT, 2009 WL 3336082, at *3 (N.D. Fla. Oct. 15, 2009) (declining to address equitable tolling where the plaintiff did not raise the issue and it was not implied in the complaint). In any event, the record

3

*Romero v. Lander*, 461 F. App'x 661, 667 (10th Cir. 2012) (finding that a § 1983 action based on sex-offender registration requirements accrued when the plaintiff was classified as a sex offender and required to admit that status); *McDay v. Paterson*, No. 09 Civ. 500(PKC)(GWG), 2010 WL 4456995, at *5 (S.D.N.Y. Nov. 1, 2010) (finding that a § 1983 claim was time-barred because the cause of action accrued when the plaintiff learned of his sex-offender status and signed a registration form under protest); *Tippett v. Foster*, No. 3-10-CV-0744-B, 2010 WL 2891119, at *2 (N.D. Tex. June 16, 2010) ("With respect to plaintiff's claim that he was forced to register as a sex offender . . . , [the limitations period began on] the date plaintiff states he was ordered to register."); *Ingram v. Sothern*, No. 07-CV-216-BR, 2008 WL 2787767, at *5 (D. Or. July 14, 2008) (finding that the limitations period on a § 1983 claim challenging the plaintiff's status as a sex offender began to run on the date that the plaintiff learned of that status).

Though Plaintiff submits that the limitations period should not have started until either the stay on his mandamus petition was lifted or his state court due process action was finalized, he cites absolutely no authority in support of that proposition. (Doc. 17, pp. 8–9.) Nor can the Court can locate any such authority. Plaintiff could have filed this suit in 2005; the fact that he filed other (very similar) cases in the meantime does nothing to convince this Court that the limitations period on this action had not begun while those cases were ongoing. Indeed, the opposite is true—both the mandamus petition and the state court due process action demonstrate that Plaintiff was well aware long ago of the injuries of which he now complains.

---

does not demonstrate any possible reason to consider tolling, such as fraudulent concealment or the necessary exhaustion of administrative remedies. *Cf. Bell v. Children's Protective Servs.*, No. 13-40687, 2013 WL 5977953, at *3 (5th Cir. Nov. 12, 2013); *Howell v. Proctor*, 136 F. App'x 267, 269 (11th Cir. 2005).

4

The Court is similarly unpersuaded that the harm here constitutes a continuing violation meriting extension of the limitations period. Plaintiff's ongoing requirement to register and report as a sex offender is a consequence of a one-time action: his classification as a sex offender under the registration statute. *See Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) ("Here, the defendants' act . . . was a one time act with continued consequences, and the limitations period is not extended."). Plaintiff's alleged harm arises from the determination that he is a sex offender required by statute to register. While that determination has continued consequences—reporting and complying with updated requirements—the injuries were caused by a one-time act nevertheless. *See Moore v. Lappin*, No. 3:08cv344/MCR/EMT, 2009 WL 3336082, at *3 (N.D. Fla. Oct. 15, 2009) (dismissing as frivolous a claim that the plaintiff's due process rights were violated by the sex-offender registration statute because the limitations period had run and his classification as a sex offender requiring registration was not a continuing violation). Consequently, this action is not subject to the continuing-violation doctrine.

Thus, because this cause of action accrued in 2005 and there is no reason to toll or extend the limitations period, this suit is time-barred. Defendant's motion to dismiss is therefore due to be granted.[2]

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Dispositive Motion to Dismiss (Doc. 16) is **GRANTED**.

2. This action is **DISMISSED WITH PREJUDICE**.

---

[2] Because the statute of limitations issue is dispositive on the face of the Complaint, the Court does not consider Defendant's res judicata argument and thus need not convert this motion to dismiss into one for summary judgment.

3. The Clerk is **DIRECTED** to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 3, 2013.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record